## In re GRAND JURY PROCEEDINGS.

### Grand Jury No. 81–199–2.

United States District Court,
E. D. Pennsylvania.

Oct. 13, 1981.

Joseph T. Kelley, Jr., Philadelphia, Pa., for petitioner.

Jeanne K. Damirgian, Asst. U. S. Atty., Philadelphia, Pa., for United States.

## MEMORANDUM

GILES, District Judge.

Petitioner received a grand-jury subpoena to produce handwriting samples. He now asks that I reconsider an order enforcing the subpoena. Because his objections are meritorious, the order will be stayed.

Petitioner argues that he need not answer the subpoena because the government has failed to comply with 18 U.S.C. § 3504(a)(1).[1] Under that section, when a grand-jury witness claims that evidence was obtained through an act of unlawful surveillance, the government must "affirm or deny the occurrence of the alleged unlawful act."[2] An insufficient denial entitles a witness to refuse to respond to a subpoena. *E. g., In re Freedman (In re Grand Jury Impaneled January 21, 1975),* 529 F.2d 543, 549 (3d Cir.), *cert. denied,* 425 U.S. 992, 96 S.Ct. 2203, 48 L.Ed.2d 816 (1976).

In this case, petitioner made general allegations of illegal surveillance.[3] The government responded in kind with an affidavit from an Assistant United States attorney swearing that the federal agent in charge of this grand-jury investigation determined that the investigating agency conducted no illegal surveillance on petitioner's premises or of phone calls to which petitioner was party.[4]

---

1. *See generally* Comment, *Claiming Illegal Electronic Surveillance: An Examination of 18 U.S.C. § 3504(a)(1),* 11 Harv.C.R.–C.L.L.Rev. 632 (1976) [hereinafter cited as *Claiming Electronic Surveillance*]; Annot., 53 A.L.R.Fed. 378 (1981).

2. The complete text of this subsection reads:
   (a) In any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States—
   (1) upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act....
   18 U.S.C. § 3504(a)(1) (1976).

3. Petitioner initially merely stated: "The Government should affirm or deny pursuant to 18 U.S.C., Section 3504(a)(1) whether [petitioner] ... any premises owned, leased, or licensed by him were subject to illegal electronic surveillance which is the source of the Grand Jury's Subpoena." Motion to Quash Subpoena ¶ 4(e).
   Once the government filed its affidavit in response, petitioner's counsel "reaffirm[ed] his earlier claim that the evidence [was] ... the product of an unlawful act," Motion to Quash Affidavit, ¶ 4, and "further aver[red] that his residence and office and the telephones contained therein were the subject of unlawful and illegal electronic surveillance." *Id.* ¶ 5.

4. The text of the affidavit reads:
   1. This affidavit is submitted in accordance with the procedure required by 18 U.S.C.

Petitioner points to three aspects of this denial as defective. First, he contends that the government must affirm or deny the fact of surveillance, not merely make a conclusion as to the legality of any possible eavesdropping. Motion to Quash Affidavit, ¶ 7. Second, he argues that the government must make inquiries of all agencies involved in the underlying investigation, identify each involved agency, and state that no other agencies were involved. *Id.* ¶ 8. Finally, petitioner says that the affiant must be the person who searched the government's records. *Id.* ¶ 9. The United States, citing *Freedman*, 529 F.2d at 550, argues that it may make its denial as vague as petitioner's averments.

Petitioner's first point is directed to the government's failure to deny surveillance; the affidavit in this matter denies *illegal* surveillance. The Third Circuit discussed this issue in *In re Horn*, 458 F.2d 468, 471 & n.7 (3d Cir. 1972). There, the government initially denied all electronic surveillance. *Id.* at 469 n.3. The court observed that the government had made an identical denial of all surveillance regarding another witness, but actually intercepted conversations of the other witness. The government contended that the interceptions did not constitute "electronic surveillance" because they had the consent of one party. The court reacted by saying: "If this is the Government's position, we see no reason why it should not be so stated in the affidavit." *Id.* at 471 n.7. The court also stated a broader, more general rule that "it would be desirable for the Government's affidavit to contain a more complete statement setting forth whether there had been *any* wiretapping or electronic surveillance including that which the Government considers to be legal." *Id.* at 471 (emphasis in original).

A close reading of the statute supports this statement. The statute requires the government to "deny the occurrence of the alleged unlawful act." 18 U.S.C. § 3504(a)(1). This language implies that the government must deny the occurrence of an act, rather than give its opinion on the legality of any possible eavesdropping.[5] While the statute is not totally unambiguous, the legislative history lends no support to the contrary proposition.[6] Thus, under the case law, statute, and circumstances of this case, the government must affirm or deny surveillance.

Furthermore, the government must deny not only surveillance by one agency, but by

---

3504(a)(1), and the case law interpreting the requirements of that statute.

2. At my direction, the [federal investigating agency agent] ... in charge of the above-captioned grand jury investigation has determined that the [investigating agency] ... has conducted no illegal or unauthorized electronic surveillance on the petitioner's premises. The [agent] ... has also determined that there has been no illegal or unauthorized electronic surveillance, by the [investigating agency] ... of telephone calls, or other communications, to which the petitioner was a party.

5. *See Claiming Electronic Surveillance, supra* note 1, at 658; *cf. United States v. Weiner*, 418 F.Supp. 941, 947 (M.D.Pa.) (statute suggests that adequacy of response "depends on the sufficiency of its denial of the existence of electronic surveillance of the witness," not on relation of affiant to proceedings or his ability to say that proceeding was not a product of unlawful activity) *aff'd mem.*, 546 F.2d 420 & 421 (3d Cir. 1976), *cert. denied*, 429 U.S. 1105, 97 S.Ct. 1135, 51 L.Ed.2d 557 (1977); Annot., 53 A.L.R.Fed. 378, 380 (1981) ("the government

is bound to affirm or deny the occurrence of such surveillance").

6. *See generally* S.Rep.No.91–617, 91st Cong., 1st Sess., 62–70, 152–54 (1969); H.R.Rep.No. 91–1549, 91st Cong., 2d Sess., 50–51, 80–83, 91–94, (1970), *reprinted in* [1970] U.S.Code Cong. & Ad.News 4007, 4026–27, 4056–59, 4061–64.

*Claiming Electronic Surveillance, supra* note 1, at 658, claims that "the Senate Report on section 3504(a)(1) provides clear support for the position that the government must acknowledge electronic surveillance which it considers to be legal." The support, however, is no clearer than the statute itself. (The government should "be required to respond to the merits of the issues concerning the existence of the alleged illegality." S.Rep.No.91–617, *supra*, at 138, *cited in* Claiming Electronic Surveillance, *supra* note 1, at 658 n.160.) Furthermore, the cited language is that of a letter from Deputy Attorney General Kleindienst to Senator Eastland, rather than language of the Senate Judiciary Committee.

the government. This denial necessitates a check of other agencies. No Third Circuit case allows a lesser showing, *In re Yuch*, 437 F.Supp. 775, 778 (E.D.Pa.1977); *see, e. g., United States v. D'Andrea*, 495 F.2d 1170, 1173 & n.10 (3d Cir.), *cert. denied*, 419 U.S. 855, 95 S.Ct. 101, 42 L.Ed.2d 88 (1974); *In re Freedman*, 529 F.2d at 550 n.9; *Weiner*, 418 F.Supp. at 948. In *Horn*, the Third Circuit went further in stating its belief "that the number of cases involving questions of electronic surveillance ... would be greatly reduced were the Government to indicate with some specificity which 'appropriate agencies' were in fact contacted." 458 F.2d at 471. Thus, the government's denial also is deficient in failing to contact and name other agencies.

Third, petitioner argues that the affidavit must be signed by the person who checked the government's surveillance records. He cites *Horn* in support of that contention. The affidavit in *Horn*, however, gives no hint that the affiant personally made the check. 458 F.2d at 469 n.3 (affiant "caused inquiry to be made"). No other Third Circuit opinion supports this argument. Thus, the government's denial may be based on hearsay, and the affidavit suffices in this regard.[7]

Finally, the sparsity and vagueness of the affidavit deserve special comment. In trying to cut its response to the bone, the government inevitably fuels suspicion that illegal surveillance may have occurred, thus multiplying the amount of electronic surveillance litigation. *See Horn*, 458 F.2d at 471.[8] Here, the witness first raised surveillance questions in June, and the government, as of September 28th, still argued that its response was adequate. In the meantime, there have been several motions and a hearing. The grand jury has been deprived of evidence which is "essential and necessary." Memorandum of Law in Support of Government's Answer to Motion to Quash Subpoena, Exhibit A, ¶ 2. It is possible that the witness will demand another hearing. If the government's response is vague enough, such a hearing may be necessary. Thus, to the extent that case law may be unclear about the requirements discussed here, they are warranted in this case in order to aid the grand jury and avoid unnecessary extended litigation.

I have reviewed petitioner's remaining objections to the subpoena and order, and find them without merit.[9] Accordingly, a separate impounded order will issue staying enforcement of the subpoena until the government makes an adequate response.

---

7. However, the response must be "by someone who is in a position to attest to the *modus operandi* and dependability of the check." *Weiner*, 418 F.Supp. at 948.

8. The "undue expense and delay" of such litigation were cited by Congress as reasons for adopting 18 U.S.C. § 3504. *See, e. g.*, S.Rep. No.91–617, *supra* note 6, at 152.

9. The privacy, privilege, and Fourth Amendment claims are frivolous. The overbreadth claim was discussed at the prior hearing, and the witness was ordered to produce a reasonable number of samples. The *Schoefield* affidavit suffices. Finally, the court's written order reasonably and adequately reflects the oral proceedings.